LENORE C. KELLY, ESQ. 170891
**KERN SEGAL & MURRAY**
301 E. Ocean Blvd., Suite 660
Long Beach, CA 90802
Tel: (562) 451-6200
Fax: (415) 474-0302

Attorneys for Defendant,
AARON TANNER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE, | CASE NO.: 2:24-CV-08649-SPG(SKx) |
| Plaintiff, | **DEFENDANT AARON TANNER'S ANSWER TO PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| vs. | |
| COUNTY OF LOS ANGELES, a municipal entity, AARON TANNER, an individual, and DOES 1-100 inclusive, | [Assigned to Hon. Sherilyn Peace Garnett, Courtroom "5C"] |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant, AARON TANNER ("Defendant"), for himself alone, hereby answers Plaintiff, JANE DOE'S ("Plaintiff") First Amended Complaint in this matter (the "Complaint"), as follows:

## SUMMARY OF ALLEGATIONS

1. In answer to paragraph 1, Defendant admits the County of Los Angeles ("COLA") is a government agency and is located in the County of Los Angeles, California. Defendant also admits that the Los Angeles County Sheriff Department is a branch of the County of Los Angeles.

2. In answer to paragraph 2, Defendant is without sufficient knowledge or

information to form a belief as to the truth of the allegations in paragraph 2, and on that basis, denies each and every allegation therein.

3. In answer to paragraph 3, Defendant denies each and every allegation stated therein.

4. In answer to paragraph 4, Defendant denies each and every allegation stated therein.

5. In answer to paragraph 5, Defendant denies each and every allegation stated therein.

6. In answer to paragraph 6, Defendant denies each and every allegation stated therein.

7. In answer to paragraph 7, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies each and every allegation therein.

8. In answer to paragraph 8, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and on that basis, denies each and every allegation therein.

9. In answer to paragraph 9, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and on that basis, denies each and every allegation therein.

10. In answer to paragraph 10, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and on that basis, denies each and every allegation therein.

11. In answer to paragraph 11, Defendant denies each and every allegation stated therein.

12. In answer to paragraph 12, Defendant denies each and every allegation stated therein.

13. In answer to paragraph 13, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13, and on that basis, denies each and every allegation therein.

14. In answer to paragraph 14, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14, and on that basis, denies each and every allegation therein.

15. In answer to paragraph 15, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and on that basis, denies each and every allegation therein.

16. In answer to paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis, denies each and every allegation therein.

17. In answer to paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17, and on that basis, denies each and every allegation therein.

18. In answer to paragraph 18, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and on that basis, denies each and every allegation therein.

19. In answer to paragraph 19, Defendant denies each and every allegation stated therein.

20. In answer to paragraph 20, no allegation is stated.

21. In answer to paragraph 21, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis, denies each and every allegation therein.

22. In answer to paragraph 22, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and on that basis, denies each and every allegation therein.

23. In answer to paragraph 23, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and on that basis, denies each and every allegation therein.

24. In answer to paragraph 24, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24, and on that basis, denies each and every allegation therein.

25. In answer to paragraph 25, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and on that basis, denies each and every allegation therein.

26. In answer to paragraph 26, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and on that basis, denies each and every allegation therein.

27. In answer to paragraph 27, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27, and on that basis, denies each and every allegation therein.

28. In answer to paragraph 28, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and on that basis, denies each and every allegation therein.

29. In answer to paragraph 29, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and on that basis, denies each and every allegation therein.

30. In answer to paragraph 30, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and on that basis, denies each and every allegation therein.

31. In answer to paragraph 31, Defendant denies each and every allegation stated therein.

32. In answer to paragraph 32, Defendant denies each and every allegation

stated therein.

33. In answer to paragraph 33, Defendant denies each and every allegation stated therein.

34. In answer to paragraph 34, Defendant denies each and every allegation stated therein.

35. In answer to paragraph 35, Defendant denies each and every allegation stated therein.

# FIRST CAUSE OF ACTION

## Deprivation of Civil Rights Under 42 U.S.C. § 1983

**(Against Defendants County of Angeles and Deputy Aaron Tanner)**

36. In answer to paragraph 36, Defendant acknowledges that Plaintiff is re-alleging her prior allegations and in response, Defendant repeats and realleges his answers to paragraphs 1–35 above.

37. In answer to paragraph 37, Defendant denies each and every allegation stated therein.

38. In answer to paragraph 38, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and on that basis, denies each and every allegation therein.

39. In answer to paragraph 39, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, and on that basis, denies each and every allegation therein.

40. In answer to paragraph 40, Defendant denies each and every allegation stated therein.

41. In answer to paragraph 41, Defendant denies each and every allegation stated therein.

42. In answer to paragraph 42, Defendant denies each and every allegation stated therein.

43. In answer to paragraph 43, Defendant denies each and every allegation stated therein.

44. In answer to paragraph 44, Defendant denies each and every allegation stated therein.

45. In answer to paragraph 45, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45, and on that basis, denies each and every allegation therein.

46. In answer to paragraph 46, Defendant denies each and every allegation stated therein.

47. In answer to paragraph 47, Defendant denies each and every allegation stated therein.

48. In answer to paragraph 48, Defendant denies each and every allegation stated therein.

49. In answer to paragraph 49, Defendant denies each and every allegation stated therein.

50. In answer to paragraph 50, Defendant denies each and every allegation stated therein.

51. In answer to paragraph 51, Defendant denies each and every allegation stated therein.

52. In answer to paragraph 52, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52, and on that basis, denies each and every allegation therein.

## SECOND CAUSE OF ACTION
### Negligence

(Against Defendants County of Angeles and Doe Defendants 1-100)

53. In answer to paragraph 53, Defendant acknowledges that Plaintiff is re-alleging her prior allegations and in response, Defendant repeats and realleges its answers to paragraphs 1–52 above.

54. In answer to paragraphs 54 through 60, inclusive, none of the allegations are directed to Defendant Aaron Tanner.

## PRAYER FOR DAMAGES

In answer to Plaintiff's Prayer for Relief, Paragraphs 1–7, Defendant denies generally and specifically each and every allegation contained herein as it refers to this answering Defendant, and further denies that Plaintiff is entitled to an award of damages, including punitive damages, equitable relief, or any other relief as a result of any act or omission by this answering Defendant.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges each of the following:

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff failed to fully comply with the California Government Tort Claims Act.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each claim contained therein, is barred because Defendant is not the cause-in-fact or substantial cause of any alleged damage, injury, or loss to Plaintiff, if any.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff lacks standing to pursue the claims alleged in her Complaint.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff's Complaint fails to state a claim under 42 U.S.C., section 1983, for Fourth, and Fourteenth Amendment violations upon which relief can be granted against Defendant

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant is protected from liability under the doctrine of qualified immunity.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant is not liable for alleged violations of civil or constitutional rights by non-policymakers.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff is estopped by her own acts or omissions from recovery against this answering Defendant for the claims asserted in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff caused the injuries she alleges in the Complaint by her own negligence and omissions, and her own carelessness, negligence, and omissions were the proximate cause of the damage, if any, to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's alleged damages, if any, as contained in the Complaint, were caused by persons and/or entities other than this answering Defendant, who failed to exercise ordinary care, caution, prudence, and were

negligent, or acted wrongfully in its dealing with Plaintiff, and that at all times, said persons or entities were acting without consent, authorization, knowledge, and/or ratification of this answering Defendant. Accordingly, any recovery against this answering Defendant by Plaintiff must be precluded and/or reduced in a proportionate amount to the fault on the part of such other person(s) and/or entities.

FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant is not liable by operation of California Government Code, sections 815.2(b) and 820.4, for the execution or enforcement of the law by public officers exercising due care.

FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges the conduct that is the subject of Plaintiff's Complaint, was absolutely and/or conditionally legally privileged, and/or justified. Further, all of the actions by this answering Defendant were in good faith and reasonable.

SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is immune from liability pursuant to the provisions of California Government Code, sections 815.2, 818, 818.8, 820.8, 821.8, 822.2 and 845.

SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that, on or about the time, date, and place alleged in Plaintiff's Complaint, Plaintiff's conduct and/or the conduct of third persons or entities was of such nature as to constitute an independent, intervening, and superseding cause, which was the sole proximate cause of Plaintiff's alleged

injuries and damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that its acts or omissions were discretionary, requiring personal deliberation, decision, and judgment, which were done honestly, reasonably, and in good faith, and by virtue of which, this answering Defendant is immune from liability.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that all the claims in Plaintiff's Complaint are barred because Plaintiff failed to take reasonable steps to mitigate her damages.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant is shielded from liability for civil damages insofar as the conduct alleged in this case did not violate any reasonably known statutory or constitutional right.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's claims are barred because the alleged violation of civil rights did not occur pursuant to a governmental policy, custom, practice, or procedure.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's Complaint, and each claim contained therein, is barred by the doctrine of res judicata.

TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's action is barred by Plaintiff's failure to join, in a timely fashion, indispensable and/or necessary parties to this action.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the actions of this answering Defendant in all respects were reasonable, proper, and legal.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges the force used, as alleged in Plaintiff's Complaint, was caused and necessitated by Plaintiff's actions, and were reasonable and necessary for self-defense.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant is protected from liability under the doctrine of absolute immunity.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is not liable to Plaintiff for the claimed damages or injuries as alleged in her Complaint, because Plaintiff assumed the risk of those damages and/or injuries.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant asserts he is not liable for damages imposed primarily for the sake of example and by way of punishing this Defendant.

THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges the conduct alleged in Plaintiff's Complaint did not violate

an interest cognizable under 42 U.S.C., section 1983.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's claims are barred by the doctrine of offset.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is immune from any claim for relief, as alleged in Plaintiff's Complaint, pursuant to California Code of Civil Procedure, section 262.1.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it cannot be liable as any and all force used, as alleged in Plaintiff's Complaint, was objectively reasonable under the circumstances.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges that all Defendants sued in their official capacities are immune from the imposition of punitive damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's claims are barred as they are improperly pled because she fails to name all parties, contrary to Federal Rule of Civil Procedure 10(a).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's claims for municipal liability are barred as they are improperly pled by reference to the entire cases, contrary to Federal Rule of Civil Procedure 10(b).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is not liable for any injury, whether such injury arises out of an act or omission of the public entity, a public person, or any other person, pursuant to California Government Code, section 815.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is not liable for any alleged failure to discharge any mandatory duty because it exercised reasonable diligence in the discharge of all duties, as required under California Government Code, section 815.6.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is not liable by operation of California Government Code, sections 818.2 and 821, for adopting, failing to adopt, or enforcing any law.

### FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges it is not liable by operation of California Government Code, section 820.6, for injury caused by acts done in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid, or inapplicable.

### FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges its/his conduct did not cause the constitutional violations alleged in Plaintiff's Complaint.

### FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering

Defendant alleges that, in the event that they prevail at trial, or by way of dispositive motion, it / he will be entitled to recovery of reasonable attorneys' fees and costs under California Code of Civil Procedure, section 1038 and Title 42 U.S.C., section 1988.

## FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, this answering Defendant alleges Plaintiff's claims are barred by Plaintiff's failure to exhaust all administrative remedies including, all remedies pursuant to 42 U.S.C., section 1977.

## ADDITIONAL AFFIRMATIVE DEFENSES

This answering Defendant is informed and believe, and thereon allege, it / he has insufficient knowledge or information on which to form a belief as to whether any additional, unstated affirmative defenses are available. Defendant reserves the right to assert additional affirmative defenses in the event discovery reveals that doing so would be appropriate.

WHEREFORE, Defendant, AARON TANNER prays for judgment as follows:

1. That Plaintiff take nothing by way of her First Amended Complaint, and that judgment be entered in favor of Defendants;
2. That the action be dismissed;
3. That answering Defendant recovers costs of suit incurred herein, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and
4. For such other and further relief as the Court deems proper and just.

DATED: December 3, 2024

KERN SEGAL & MURRAY

By: _____
LENORE C. KELLY
Attorneys for Defendant,
AARON TANNER

# PROOF OF SERVICE

<u>Jane Doe v. County of Los Angeles, et al.</u>
2:24-CV-08649

I declare that:

I am employed in San Mateo County, California. I am over the age of 18 years and not a party to the within cause; my business address is 15 Southgate Avenue, Suite 200, Daly City, California, 94015.

On the date set forth below, I served the within:

- **DEFENDANT AARON TANNER'S ANSWER TO PLAINTIFF JANE DOE'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

☐ **BY MAIL SERVICE (1013a, 2015.5 C.C.P.):** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Post Office box at Daly City, California, addressed as stated on the attached service list.

☐ **BY FACSIMILE:** by sending a copy via Facsimile to the person(s) at the Facsimile number(s) as stated on the attached service list.

☑ **BY E-MAIL:** by sending a copy via e-mail to the person(s) at the e-mail address(es) as stated on the attached service list, pursuant to CCP § 1010.6.

I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.

Executed on December 3, 2024 in Daly City, California.

_____
SYDNEY SEARS

# SERVICE LIST

*Jane Doe v. County of Los Angeles, et al.*
2:24-CV-08649


Vincent Miller, Esq.
Nick Sage, Esq.
**The Law Offices of Vincent Miller**
16255 Ventura Blvd., Suite 625
Encino, CA 91436
Tel: (213) 948-5702
E: vincent@vincentmillerlaw.com; nick@vincentmillerlaw.com
*Attorneys for Plaintiff JANE DOE*

Blessing Ekpezu, Esq.
**Hurrell Cantrall, LLP**
Ernst Young Plaza
725 South Figueroa Street, Suite 3800
Los Angeles, CA 90017
Tel: 213-426-2000
Fax: 213-421-2020
E: bekpezu@hurrellcantrall.com; thurrell@hurrellcantrall.com
*Attorney for Defendant COUNTY OF LOS ANGELES*