# EXHIBIT "11"

Vincent Miller (SBN 291973)
vincent@vincentmillerlaw.com
James Jirn (SBN 241189)
james@vincentmillerlaw.com
THE LAW OFFICES OF VINCENT MILLER
16255 Ventura Boulevard, Suite 625
Encino, CA 91436
Tel.: (213) 948-5702 | Fax: (818) 450-0698

Attorneys for Plaintiff
JANE DOE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>         v.<br><br>COUNTY OF LOS ANGELES, a municipal entity; AARON TANNER, an individual; and DOES 1-100, inclusive,<br><br>                    Defendants. | Case No.: 2:24-cv-08649-SPG(SKx)<br><br>**DECLARATION OF PSYCHIATRIC EXPERT GEORGE R. ELIAS, M.D., IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:<br>Time: 1:30 p.m.<br>Courtroom: 5C<br>Action Filed:<br>Judge:  Hon. Sherilyn Peace Garnett |

**Declaration of Expert George R. Elias, M.D.**

I, George Elias:

1. I have been retained as an expert in this matter. I am a resident of the State of California. I am not a party to this action. I was retained as an expert in post-traumatic stress disorder and emotional distress by the Plaintiff's attorney. I am an individual over the age of 18 years, and if requested to do so, I could and would competently testify to the facts stated herein.

2. I am double board certified in adult and forensic psychiatry. I have practiced psychiatry in outpatient, inpatient, correctional, and emergency settings. I have been practicing outpatient psychiatry for over 9 years as an attending psychiatrist and routinely manage

DECLARATION OF PSYCHIATRIC EXPERT, GEORGE R. ELIAS, M.D.

patients with PTSD, anxiety, depression, and emotional distress. A psychiatrist by definition is trained to diagnose and treat emotional disorders. A psychiatrist is also trained in the relevant research related to said disorders, even if the psychiatrist has not performed research themselves. I have performed numerous evaluations of individuals who experienced childhood sexual abuse, the majority of whom met criteria for PTSD. I have also opined on emotional distress related to PTSD, Major Depressive Disorder, and other mental disorders in several other civil cases. I also have experience as a QME evaluating individuals for work related emotional distress. Although I am not a formal member of any professional society, I routinely attend continuing medical education conferences, including annual American Academy of Psychiatry and the Law meetings. The latest meeting I attended took place in October of 2024, where I participated in a workshop related to malingered PTSD in a forensic setting and the limitations of commonly used self-report PTSD assessment instruments.

3.  I have been asked on behalf of the Plaintiff to serve as an expert witness in the field of psychiatry. The purpose of this declaration is to offer an expert and  professional opinion regarding the mental status and overall welfare of the Plaintiff and to give an evaluation of the psychological condition of the Plaintiff and to assess any emotional distress caused by the defendants.

4.  I have reviewed the First Amended Complaint, dated August 30, 2024, Plaintiff's Response to Special Interrogatories Set One Propounded by Defendant County of Los Angeles, dated March 10, 2025, Deposition of Plaintiff, dated July 10, 2025, and Healing Solutions Family Therapy Center Records. I conducted an evaluation of the plaintiff, Ms. Doe, via video call on August 11, 2025.

5.  Ms. Doe has experienced repeated exposure to both actual and threatened death and/or serious injury. This has involved being repeatedly physically assaulted by Mr. Tanner with submission moves and chokeholds and being repeatedly and credibly threatened with death. She has subsequently developed associated intrusion symptoms (e.g., nightmares, flashbacks, intrusive memories), avoidance of places and situations that remind her of the abuse or induce fear, negative alterations in cognitions and mood (e.g., persistent fear,

DECLARATION OF PSYCHIATRIC EXPERT, GEORGE R. ELIAS, M.D.                    2

belief that others are evil and no one is to be trusted, emotional numbness and feeling disconnected from others, loss of interest in pleasurable activities), and marked alterations in arousal and reactivity (e.g., irritability, hypervigilance, exaggerated startle response, trouble concentrating, insomnia). She has also experienced dissociative symptoms of depersonalization. These symptoms have been present for well over one month, have caused severe clinical distress and impairment of her functioning, and are not due to the physiological effects of a substance or another medical condition. This is consistent with a diagnosis of Post-Traumatic Stress Disorder (PTSD). The presence of dissociative features and personal nature of the abuse predicts a more severe course of Post-Traumatic Stress Disorder, which is consistent with the severe nature of her symptoms and impairment of her functioning.

6. This PTSD diagnosis was formulated based upon a four-hour clinical interview, which is the gold standard for a psychiatric diagnosis. During this interview, a longitudinal history was elicited, which includes the onset, course, and severity of the plaintiff's symptoms, along with any associated clinically significant dysfunction. A mental status exam was also performed, which assessed for signs of PTSD. The plaintiff clearly exhibited signs of negative cognitions, trouble concentrating, increased anxiety when recalling traumatic events, and a despondent affect, all of which are consistent with a diagnosis of PTSD. Any claim that this is not objective has no basis in reality because a psychiatric evaluation is ultimately a clinical examination that relies on the examiner's education and training. Psychometric testing typically involves a collection of formulaic clinical questions that a respondent answers. Psychometric testing can *assist* in the formulation of a diagnosis. However, they are not in and of themselves diagnostic, nor are they "objective" in similar fashion to a blood test or CT Scan. The questions posed in psychometric tests were designed by clinicians such as myself and based on the diagnostic criteria of the DSM-5, the same diagnostic criteria that I relied upon to come to my clinical diagnosis. Moreover, most psychometric tests available were developed in clinical settings and have questionable utility in a forensic setting. Collateral information from the plaintiff's psychotherapy records supports the above diagnosis. The plaintiff was screened for

bipolar spectrum disorder symptoms, a prior history of depression, and substance use issues. Panic Disorder was considered. However, because her panic attacks are mostly associated with intrusion symptoms, she does not currently warrant the *addition* of a Panic Disorder diagnosis. In other words, her panic attacks are encompassed by the diagnosis of PTSD. Panic disorder is not a candidate for an alternative diagnosis, because it does not explain the slew of PTSD symptoms the plaintiff is experiencing described in the report. Similarly, it is possible that she has comorbid Major Depressive Disorder, which is not uncommon with PTSD. However, there is significant overlap between these two disorders and Major Depressive Disorder does not encompass all of her symptoms the way the diagnosis of PTSD does.

7. Accordingly, it is in my opinion with a reasonable degree of medical certainty that Ms. Doe suffered from severe emotional distress that was a result of Mr. Tanner's conduct. I would also conclude with a reasonable degree of medical certainty that the plaintiff's Post-Traumatic Stress Disorder is attributable to the severe emotional distress that she endured. Had it not been for this experience, it would be reasonable to infer that she would not have developed said disorder and related symptoms of clinical distress.

Executed on October 13, 2025, at Los Angeles, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief and, if called upon, I could and would so testify competently thereto.

George R. Elias, M.D.