Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Blessing O. Ekpezu, State Bar No. 332308
E-Mail: bekpezu@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017-2710
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant, COUNTY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a municipal entity; AARON TANNER, an individual, DOES 1-100 inclusive,<br><br>Defendants. | Case No. 2:24-cv-08649-SPG(SKx)<br><br>**DEFENDANT COUNTY OF LOS ANGELES'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988;MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Filed concurrently with:**<br><br>**1. Declaration of Blessing Ekpezu**<br>**2. [Proposed] Order**<br><br>**Hearing Date: May 27, 2026**<br>**Hearing Time: 1:30 p.m.**<br>**Location: Courtroom 5C**<br><br>[Assigned to Hon. Sherilyn Peace Garnett, Courtroom "5C"] |

**TO THE HONORABLE COURT, PLAINTIFF, AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on May 27, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5C of the above-entitled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant County of Los Angeles will and hereby does move this Court for an award of attorneys' fees

1

pursuant to 42 U.S.C. § 1988.

This Motion is made on the grounds that the County is the prevailing defendant following this Court's entry of summary judgment in its favor on all counts on March 27, 2026 (ECF No. 84), and that Plaintiff's claims under 42 U.S.C. § 1983 and state-law negligence were frivolous, unreasonable, and without foundation within the meaning of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), and that Plaintiff continued to litigate after her claims clearly became so. The County seeks an award of attorneys' fees in the amount of $194,599.00.

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Blessing Ekpezu and Exhibits 1 through 2 attached thereto; the pleadings, orders, and other papers on file in this action; and such further argument and evidence as may be presented at or before the hearing on this Motion.

Pursuant to Local Rule 7-3 and Judge Garnett's Standing Order, counsel for the County made good-faith efforts to meet and confer with Plaintiff's counsel Vincent Miller by written communication on April 2, 2026 and April 9, 2026, requesting a videoconference to discuss the anticipated motion. Plaintiff's counsel did not respond to either communication. The meet and confer compliance statement is set forth in the Declaration of Blessing Ekpezu.

DATED:  April 10, 2026                    HURRELL-LLP

By:      */s/ Blessing O. Ekpezu*
THOMAS C. HURRELL
BLESSING O. EKPEZU
Attorneys for Defendant, COUNTY OF LOS ANGELES

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

On March 27, 2026, this Court entered judgment in favor of Defendant County of Los Angeles ("Defendant" or "County") on all counts following the grant of summary judgment. (ECF No. 83 & 84) The Court's MSJ Order (ECF No. 83) held that Plaintiff's § 1983 claim failed as a matter of law on two independent grounds: (1) it was substantially time-barred, with the bulk of the alleged conduct falling outside the two-year limitations period; and (2) the predicate actor, former Deputy Aaron Tanner ("Tanner"), did not act under color of state law in any of the alleged incidents because his conduct arose entirely from a preexisting personal romantic relationship wholly independent of his employment. The Court dismissed Plaintiff's negligence claim after Plaintiff conceded it. Plaintiff's counsel had represented an intent to dismiss the negligence claim in the joint summary judgment briefing without ever actually doing so, forcing the Court to adjudicate a claim Plaintiff had acknowledged was indefensible.

Plaintiff filed this action in Los Angeles Superior Court on May 29, 2024. The County removed it to this Court on October 8, 2024. Both claims were groundless when filed in state court, remained groundless through removal, and were litigated to their conclusion at full expense to the County. The County now moves for attorneys' fees under 42 U.S.C. § 1988.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 1988(b), a court may award attorneys' fees to a prevailing defendant in a § 1983 action where the plaintiff's claims were "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). This standard does not require a finding of bad faith; it is sufficient that the claims were "groundless or without foundation" even if not brought in subjective bad faith. *Id.* The Ninth Circuit has held that fees are proper where a reasonable pre-filing inquiry into the applicable facts and law would have

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

revealed the insufficiency of the plaintiff's civil rights claims. *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998).

When a case involves both frivolous and nonfrivolous claims, a prevailing defendant may recover fees it would not have incurred but for the frivolous claims. *Fox v. Vice*, 563 U.S. 826, 836 (2011). Where the frivolous claims so dominated the litigation that no independent costs were incurred defending any nonfrivolous claim, the full lodestar is recoverable. *Id.* at 838.

Once a court determines fees are warranted, it calculates a "lodestar" figure based on reasonable hours expended and a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar is presumptively reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). Reasonable rates are those prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984).

## III.   THE COUNTY IS THE PREVAILING PARTY

The Court granted summary judgment to the County on both the § 1983 claim and the negligence claim, and entered judgment in the County's favor on March 27, 2026. (ECF No. 83.) The County is therefore the prevailing defendant for purposes of 42 U.S.C. § 1988.

## IV.   PLAINTIFF'S CLAIMS WERE FRIVOLOUS, UNREASONABLE, AND WITHOUT FOUNDATION

Both of Plaintiff's claims were groundless when filed in state court and remained groundless through removal and the entirety of this litigation. The question under *Christiansburg* is not whether the plaintiff ultimately lost, but whether the claims were groundless at the outset or became so and were nonetheless maintained. Both standards are satisfied here.

/ / /

/ / /

4

**A.      The Section 1983 Claim**

         **a.**      *The Primary Incidents Were Time-Barred on the Face of the Complaint*

Plaintiff filed this action on May 29, 2024. (ECF No. 1.) A § 1983 claim arising in California is governed by a two-year limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); Cal. Civ. Proc. Code § 335.1. A cause of action accrues, and the limitations period begins to run, "when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Plaintiff's § 1983 claim was thus limited, at most, to conduct occurring on or after May 29, 2022.

The First Amended Complaint, however, was premised almost entirely on conduct that predated that cutoff. Plaintiff alleged that the relationship with Tanner began in 2020 (FAC ¶ 15.) The primary incidents on which Plaintiff anchored her case were facially barred by the dates she chose to plead. The brake-check incident was placed on January 1, 2022, nearly five months before the cutoff. The Las Vegas assaults occurred in March or April 2022 also before the cutoff. The strangulation series was alleged to have begun toward the end of 2021. These allegations did not require discovery to evaluate; they required only a calendar. A pre-filing review of the complaint against the two-year period and controlling Ninth Circuit authority would have revealed that the case, as built, rested predominantly on time-barred conduct with no viable tolling theory. The Court so held. ECF No. 83 at 8–10. *See Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998) (fees proper where reasonable pre-filing inquiry would have revealed insufficiency of claims).

         **b.**      *The Color of Law Theory Was Without Foundation as Established by Plaintiff's Own Testimony*

To state a § 1983 claim, a plaintiff must show the alleged deprivation was committed under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). On-duty status alone is insufficient; the conduct must relate to the performance of official duties or exploit authority conferred by the state. *Huffman v. County of Los Angeles*,

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

147 F.3d 1054, 1058 (9th Cir. 1998); *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 838 (9th Cir. 1996). A preexisting personal relationship independent of any official contact is the paradigmatic case of conduct outside color of law. *See Bonsignore v. City of New York*, 683 F.2d 635, 639 (2d Cir. 1982); *Burris v. Thorpe*, 166 F. App'x 799, 802 (6th Cir. 2006).

The color of law defect was established by Plaintiff's own deposition testimony before summary judgment was briefed. Plaintiff testified that every incident she characterized as occurring while Tanner was "on duty" took place inside their shared apartment when he came home during his lunch break and an argument ensued. She admitted that all such incidents occurred inside the apartment without any invocation of police authority. She could not identify any assault occurring during any Ride-Along. She further admitted she had no knowledge of any County policy encouraging deputy gangs beyond what Tanner himself had told her, was unaware of any management approval of the Rattlesnakes, possessed no documents showing management knew of the group, had no evidence of improper training, and conceded the County did not encourage or approve of Tanner's conduct. Of course, Plaintiff knew of all these facts before she filed the lawsuit.

These admissions defeated the color of law theory before summary judgment was even filed. The alleged incidents which in the context of a private romantic relationship, with no invocation of official authority, do not constitute state action under any controlling authority. *See Van Ort*, 92 F.3d at 838; *Huffman*, 147 F.3d at 1058.

Plaintiff's opposition abandoned that admission and attempted to reframe the lunch-break incidents as occurring during Ride-Alongs on the theory that the Ride-Along continued through any apartment break — directly contradicting her own prior deposition testimony. In support of this theory, Plaintiff relied primarily on *Hess v. Garcia*, 72 F.4th 753 (7th Cir. 2023), a Seventh Circuit case involving a police officer's sexual assault of a Ride-Along participant. She provided no

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

controlling Ninth Circuit authority for the proposition that a preexisting romantic relationship partner who voluntarily accompanied an officer on unofficial, ride-along, and was assaulted during off-premises lunch breaks at their shared apartment, was thereby under color of law.

### B. The Negligence Claim Was Without Foundation and Was Litigated Past the Point of Recognition

Plaintiff's negligence claim suffered from two independent defects apparent before the case was filed.

First, Plaintiff's Government Claim was fatally defective. Her February 27, 2024 claim omitted her identity, Tanner's identity, and the identity of the alleged gang. The County rejected it as untimely and deficient on March 18, 2024. Plaintiff did not submit an amended claim until May 29, 2024 — the same day she filed her complaint. The effective claim date therefore limited any negligence recovery to conduct occurring on or after November 29, 2023. Because Tanner had already been terminated on December 1, 2023, Plaintiff faced a window of at most two days within which to establish tortious conduct within the scope of employment. She had no such evidence. She knew she had no such evidence. A pre-filing review of the Government Claims Act requirements and the claim timeline would have revealed the claim could not survive before Plaintiff filed her complaint.

Second, there was no viable scope-of-employment theory. Every alleged assault occurred in a private setting — the parties' shared apartment, personal vehicles, bars, or hotels — without any exercise or pretense of police authority, and several incidents occurred after Tanner's December 1, 2023 termination. Under controlling California authority, an employer is not vicariously liable when an employee substantially departs from job duties for purely personal reasons. *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1005 (1995).

Rather than dismiss the claim before or promptly after removal when these defects were clear, Plaintiff's counsel represented in the joint summary judgment

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

7

briefing in response to the County's arguments that Plaintiff will dismiss her negligence claim. No dismissal was ever filed. The claim persisted without legal basis until the Court entered judgment, forcing full briefing on issues Plaintiff's own counsel had conceded were indefensible. That is the continued maintenance of a groundless claim that *Christiansburg* directly addresses. 434 U.S. at 422.

## V.   THE LODESTAR IS REASONABLE

The County seeks an award of $194,599.00, representing 650.0 hours of attorney and paralegal time incurred from October 2024 through March 2026. The billing records are attached as Exhibit 1 to the Declaration of Blessing Ekpezu.

### A.   The Hours Are Reasonable

The hours reflect 18 months of active federal litigation encompassing removal; preparation of the initial handling memorandum analyzing over 700 pages of personnel and investigative records; Rule 26 proceedings; full written discovery; the full-day deposition of Plaintiff; depositions of Plaintiff's retained experts Roger Clark and Dr. George Elias; defense of the County's own expert deposition; two *Daubert* motions; joint summary judgment briefing; and substantial trial preparation including motions in limine, memorandum of contentions, witness lists, exhibit lists, and jury instructions before the Court granted summary judgment. The billing records reflect contemporaneous entries for each task, proportionate to the complexity and duration of the matter. Paralegal and law clerk time totaling 63.4 hours is separately itemized at reduced rates and is fully recoverable under § 1988. *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989).

### B.   The Rates Are Reasonable

The rates reflect prevailing market rates in this district for attorneys of comparable skill and experience. The County was billed at two tiers established by the October 7, 2024 litigation budget: an initial tier through December 2024 of $250 per hour for partners, $230 per hour for associates, and $100 per hour for law clerks; and an adjusted tier effective January 1, 2025 of $350 per hour for partners, $300

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

per hour for associates, and $125 per hour for paralegals. Lead counsel Blessing Ekpezu was elevated from associate to partner effective May 1, 2025, with her billing rate adjusted accordingly. These rates are consistent with and in many respects below prevailing rates in the Central District for civil rights litigation of this complexity. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010). The Declaration of Blessing Ekpezu sets forth the qualifications and experience of each timekeeper in further support of these rates.

## VI.    CONCLUSION

For the foregoing reasons, Defendant County of Los Angeles respectfully requests that this Court award attorneys' fees pursuant to 42 U.S.C. § 1988 in the amount of $194,599.00, plus the reasonable fees incurred in bringing this motion.

DATED:  April 10 , 2026                    HURRELL-LLP

By:    */s/ Blessing O. Ekpezu*
THOMAS C. HURRELL
BLESSING O. EKPEZU
Attorneys for Defendant, COUNTY OF LOS ANGELES

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000