Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrell-llp.com
Blessing O. Ekpezu, State Bar No. 332308
E-Mail: bekpezu@hurrell-llp.com
HURRELL-LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017-2710
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant, COUNTY OF LOS ANGELES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, a municipal entity; AARON TANNER, an individual, DOES 1-100 inclusive,<br><br>        Defendants. | Case No. 2:24-cv-08649-SPG(SKx)<br><br>**DEFENDANT COUNTY OF LOS ANGELES'S REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 1988**<br><br>[Assigned to Hon. Sherilyn Peace Garnett, Courtroom "5C"] |

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

Defendant COUNTY OF LOS ANGELES ("County" or "Defendant") hereby submits its Reply to Plaintiff JANE DOES's ("Plaintiff") Opposition to the County's Motion for Attorney's Fees, as follows:

**I.    INTRODUCTION**

Plaintiff's opposition reduces to three arguments: her claims were not frivolous because a Seventh Circuit decision supported a similar theory; the Court should defer ruling because she filed a notice of appeal; and the lodestar should be reduced because billing records were not attached and certain cost categories fail *Fox v. Vice*. None of these arguments withstands scrutiny.

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

HURRELL·LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

The frivolousness of Plaintiff's § 1983 claim does not depend on the outcome of summary judgment or on how a different circuit resolved a different factual scenario. It depends on what Plaintiff herself pleaded and what Plaintiff herself admitted under oath before a single dispositive motion was filed. The brake-check incident was dated January 1, 2022 in Plaintiff's own complaint — five months outside the limitations period. Every incident Plaintiff called "on duty" was admitted in her own deposition to have occurred in her apartment during Tanner's lunch break, with no invocation of official authority. These facts cannot be changed.

The negligence claim was fatally defective under the Government Claims Act from the day it was filed in state court. When these defects became undeniable, Plaintiff's own counsel stated three separate times in the joint summary judgment briefing that Plaintiff intended to dismiss the claim. No dismissal was ever filed. Plaintiff allowed the claim to persist until the Court entered judgment.

The appeal is collateral to the fee motion and does not divest this Court of jurisdiction. The lodestar is fully documented by declaration and Standing Order-compliant tables. And Plaintiff's *Fox v. Vice* attack on specific billing categories misses the mark entirely because both claims were independently frivolous, *Fox*'s segregation requirement is not implicated, and every dollar the County spent defending this case is recoverable under *Christiansburg*.

II.   **ARGUMENT**

A.   **Plaintiff's 1983 Claim Was Frivolous at the Outset**

Plaintiff argues her limitations position was supported by published authority on accrual and tolling. (Opposition at 6.) It was not. The continuing violations doctrine which was the only tolling theory Plaintiff advanced, has been abrogated for discrete acts in § 1983 cases by the Supreme Court and the Ninth Circuit. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 747 (9th Cir. 2019). Each alleged assault was a discrete, completed act. Plaintiff's operative complaint dated the brake-check to January 1,

2

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

2022 (five months before the filing cutoff), and placed the strangulation series beginning in late 2021. No discovery was needed to identify the problem. A pre-filing review of the complaint against the two-year period and controlling Ninth Circuit authority would have revealed that the case as built rested predominantly on time-barred conduct with no viable tolling theory. *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir. 1998). Plaintiff's argument that she had "published authority" for her tolling position, is meritless.

Moreover, the color of law and *Monell* theories were not defeated by a close legal question but by Plaintiff's own sworn testimony. Plaintiff admitted in deposition that every incident she characterized as occurring while Tanner was "on duty" took place inside their shared apartment when he came home during his lunch break. She admitted she could not identify any assault occurring during any Ride-Along. She admitted she was unaware of any County policy encouraging deputy gangs, knew of no management approval of the Rattlesnakes, possessed no documents showing management knew of the group, and conceded the County did not encourage or approve of Tanner's conduct. These admissions were made before summary judgment was briefed.

Plaintiff argues that *Hess v. Garcia*, 72 F.4th 753 (7th Cir. 2023), a published Seventh Circuit decision addressing a Ride-Along assault, rendered her color of law theory non-frivolous. (Opposition at 3, 6.) This argument fails. *Hess* involved an officer who allegedly assaulted a Ride-Along participant during the Ride-Along itself — a factual scenario Plaintiff's own testimony expressly disclaimed. A case is not saved from frivolousness by citation to out-of-circuit authority describing facts that the plaintiff's own sworn testimony contradicts.

Plaintiff separately argues that the ICIB investigation and referral to the District Attorney for prosecution demonstrates her claim was reasonable. (Opposition at 2, 5, 11.) This conflates two distinct legal questions. A criminal investigation into Tanner's conduct toward Plaintiff is probative of whether Tanner

3

committed wrongful acts. It says nothing about whether those wrongful acts were committed under color of state law for purposes of § 1983. The County has never disputed that Tanner's alleged conduct was wrongful. The § 1983 question is whether it was official, and Plaintiff's own testimony answered that question against her before the case was substantially litigated.

### B.    The Negligence Claim Provides an Independent Basis for the Fee Award

Plaintiff argues the negligence claim was "not frivolous" because she had a "colorable Government Claims Act submission" and did not pursue it at summary judgment. (Opposition at 7–8.) Both points are wrong.

On the Government Claims Act, there was nothing colorable about Plaintiff's submission. Her February 27, 2024 claim omitted her identity, Tanner's identity, and the identity of the alleged gang — rendering it facially deficient under Government Code § 910. The County rejected it on March 18, 2024. The amended claim was not submitted until May 29, 2024, limiting any recovery to conduct on or after November 29, 2023. Tanner had been terminated December 1, 2023, leaving a window of at most two days within which to establish tortious conduct within the scope of employment. Plaintiff had no evidence of any such act. These defects were apparent before the case was filed in state court. A pre-filing review of the claim timeline against the Government Claims Act requirement, would have revealed that the negligence claim could not survive. *Margolis*, 140 F.3d at 854.

On the concession argument, Plaintiff turns the analysis on its head. She argues that not pursuing the negligence claim at summary judgment shows it was not frivolous. (Opposition at 8.) In fact, the record shows the opposite. Plaintiff's counsel stated three separate times in the joint summary judgment briefing — in response to the County's arguments on scope of employment, statutory basis, and Government Claims Act timeliness — that "Plaintiff intends to dismiss her negligence claim." No dismissal was ever filed. The claim was allowed to persist

Hurrell-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

without legal basis until the Court entered judgment, forcing full briefing on issues Plaintiff's own counsel had acknowledged were indefensible. That is the continued maintenance of a groundless claim that *Christiansburg* directly targets. 434 U.S. at 422. Plaintiff cannot now reframe deliberate inaction as evidence of colorability.

### C. The Court Should Not Defer Ruling Pending the Appeal

A fee motion under § 1988 is collateral to the merits and does not affect this Court's jurisdiction to decide it. *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199–200 (1988).

Plaintiff filed her Notice of Appeal on April 24, 2026, fourteen days after the County filed this fees motion. The timing of the appeal is consistent with a tactical decision to generate a deferral argument rather than a good-faith pursuit of the merits. The County is entitled to a ruling on its motion without indefinite delay.

Deferral pending appeal is now moot as a practical matter. On May 6, 2026, the same day Plaintiff filed her opposition brief, Plaintiff and Tanner's counsel stipulated to Tanner's dismissal with prejudice. (Dkt. 90.) This Court granted the stipulation and dismissed Tanner from this action with prejudice. (Dkt. 92.) There is no longer any defendant against whom the § 1983 claim survives in any form. The § 1983 theory has been extinguished as to both defendants.

Whatever the Ninth Circuit does with the color of law analysis as applied to the County, there is no live § 1983 claim left in this case. The premise of Plaintiff's deferral argument — that a Ninth Circuit reversal would reopen the federal theory — is foreclosed by the dismissal of the only individual defendant whose conduct was alleged to have been the predicate constitutional violation. The motion should be decided now.

/ / /

/ / /

/ / /

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

### D. The Lodestar Is Properly Documented and the Full Award Is Recoverable Because Both Claims Were Frivolous

#### a. The Billing Records Are Properly in Evidence

Plaintiff argues the motion is supported only by summary tables rather than contemporaneous time entries. (Opposition at 9) This is incorrect. Paragraph 6 of the Declaration of Blessing Ekpezu (ECF No. 86-1) attests under penalty of perjury that the billing records exist, were prepared contemporaneously with the work performed, and that excessive or redundant time was excluded. Paragraph 7 sets forth verified totals by timekeeper. The fee summary tables filed as Exhibit I provide a task-by-task and timekeeper-by-timekeeper breakdown across all rate periods, as required by Judge Garnett's Standing Order. Together, the declaration and tables provide the Court with a complete picture of the fees incurred and enable meaningful review. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

#### b. The Full Lodestar Is Recoverable Because Both Claims Were Independently Frivolous

Plaintiff's *Fox v. Vice* argument proceeds on the assumption that the negligence claim was not frivolous and that fees attributable to it must therefore be segregated from fees attributable to the § 1983 claim. That premise is wrong. As set forth above, the negligence claim was independently frivolous — fatally defective under the Government Claims Act from the day it was filed, outside the scope of employment on undisputed facts, and maintained past the point where Plaintiff's own counsel acknowledged in writing, three times, that it could not survive. Where both claims are frivolous, *Fox v. Vice*'s segregation requirement is simply not implicated. *Fox* addresses the allocation of fees between a frivolous claim and a nonfrivolous one. 563 U.S. 826, 836 (2011). It has no application here because there is no nonfrivolous claim from which fees must be segregated. Fees were incurred on both claims, and the County seeks recovery of all of them. Because both claims

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

were frivolous, *Christiansburg* authorizes the full award without apportionment. 434 U.S. at 421.

Plaintiff nonetheless identifies specific billing categories she contends fail *Fox*'s but-for test, arguing that roughly $112,000 in routine litigation work — case inception and removal, Rule 26 proceedings, investigation and witness development, written discovery, depositions, status reports, and case management — would have been required regardless of which legal theories she advanced. (Opposition at 9.) This argument fails for the reason stated above and on its own terms.

Every document reviewed in the initial handling memorandum, every interrogatory propounded and answered, every deposition taken, every status report filed, every case management conference attended — all of it was driven by the need to defend a federal civil rights action that should never have been filed. There is no hypothetical nonfrivolous version of this lawsuit from which to subtract the County's costs. The negligence claim, standing alone on the facts and Government Claims Act record described above, would not have survived a demurrer in state court, let alone generated 18 months of federal litigation.

Plaintiff's attack on the Daubert work ($18,307.50) fares no better. She argues the County cannot show that challenging Plaintiff's experts Roger Clark and Dr. George Elias was incurred solely because of the frivolous claim. (Opposition at 9–10.) Both experts were designated in support of the § 1983 and negligence claims. The Daubert work was incurred to challenge those designations. But for the frivolous claims, neither expert would have been designated and neither Daubert motion would have been necessary.

Plaintiff's attack on the MSJ briefing ($36,600) is self-defeating. She argues that the County had to litigate a fully briefed dispositive motion, which she contends shows the case was not facially groundless. (Opposition at 10.) This inverts *Christiansburg*. The fact that a frivolous case required substantial litigation before it was terminated is not evidence that the case was not frivolous — it is evidence of

the harm frivolous litigation inflicts on defendants. The County was required to brief summary judgment precisely because Plaintiff refused to dismiss claims that her own counsel acknowledged were indefensible. The cost of that briefing is what the County seeks to recover.

Finally, Plaintiff's challenge to the trial preparation costs ($22,222.50) ignores the scheduling order. Trial preparation was required under this Court's scheduling order on a track that ran parallel to summary judgment briefing. The County complied with those court-ordered deadlines, as confirmed by this Court's docket. Plaintiff cannot argue that compliance with court-ordered deadlines was unreasonable or that the County should be penalized for meeting its obligations under the scheduling order.

### E.    Financial Hardship Does Not Bar the Award and Does Not Warrant Denial

Plaintiff cites to *Miller v. Los Angeles County Board of Education*, 827 F.2d 617, 621 (9th Cir. 1987), for the proposition that a fee award should not cause financial ruin. (Opposition at 8, 11.) Plaintiff deploys the hardship argument as a basis to deny the motion outright, which is not its proper function under *Miller* or any other authority. "[A] district court should not *refuse* to award attorney's fees to a prevailing defendant under [Section 1988] solely on the ground of the plaintiff's financial situation." *Miller* at 621 n.5 (emphasis in original and citation omitted).

In *Miller*, the Ninth Circuit acknowledged the district court's discretion to consider hardship while affirming that the purpose of § 1988's defendant-side fee provision is to deter groundless litigation and protect defendants from burdensome claims having no legal or factual basis. 827 F.2d at 619–21. Eliminating that deterrent effect whenever a plaintiff claims financial hardship would render the provision a nullity. Plaintiff's hardship showing must be weighed against the County's own interests. The County is a public entity that expended $194,599.00 in public funds defending claims that were groundless at the outset and that Plaintiff's

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

own counsel acknowledged were indefensible before judgment was entered. The equities do not run only in Plaintiff's direction. Public funds spent on meritless litigation are funds unavailable for the public services the County exists to provide.

The County respectfully submits that the full $194,599.00 is warranted given the strength of the frivolousness showing, the efficiency of the defense, and the significantly discounted rates at which the County was billed. But if the Court is inclined to reduce the award on hardship grounds, the County asks that it do so only after making an express finding of frivolousness on the record, so that the deterrent purpose of § 1988 is preserved and Plaintiff and her counsel are placed on notice that the claims were objectively groundless.

## III.   CONCLUSION

For the foregoing reasons, Defendant County of Los Angeles respectfully requests that this Court grant its Motion for Attorneys' Fees and award the County $194,599.00 pursuant to 42 U.S.C. § 1988.

DATED:  May 13, 2026                    HURRELL-LLP

By:      */s/ Blessing O. Ekpezu*
THOMAS C. HURRELL
BLESSING O. EKPEZU
Attorneys for Defendant, COUNTY OF
LOS ANGELES

HURRELL-LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE   (213) 426-2000

9